UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )      Criminal No. 05-30055-MAP
                            )
       v.                   )
                            )
                            )
CHRISTOPHER WARD,           )
       Defendant.           )

### MEMORANDUM PURSUANT TO LOCAL RULE 116.5

   The United States of America, by and through its undersigned attorneys hereby files this memorandum.  The government provided a copy to Attorney Perman Glenn, counsel for Defendant, on November 21, 2005.

   1.   The Government has provided or made available all of its discoverable information.  There are no outstanding discovery requests from the Defendant in this case.

   2.   The parties do not anticipate additional discovery as the result of future receipt of information.

   3.   The Defendant does not intend to raise a defense of insanity or public authority.

   4.   The Defendant has not provided notice of alibi.

   5.   It is unlikely that the Defendant will file a motion to dismiss, or suppress, or other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

   6.   It is not necessary to schedule any matter in the case other than a date for the Defendant to change his plea to guilty.

7.  The parties are currently engaging in plea negotiations, and the parties anticipate this case to be resolved through a change of plea.

8.  The parties agree that no time has run on the Speedy Trial Clock.  The time from October 7, 2005 until November 21, 2005 should be excluded in the interests of justice and for continuity of counsel.  Attorney Glenn requested this time to review the discovery with the Defendant, and to discuss the viability of pretrial motions.  In addition, Attorney Glenn's competing case load and personal obligations caused a continuance in this matter.

9.  In the event that a trial is necessary the trial will last approximately 4 days.

10. A date convenient with the Court should be established for a plea hearing.

Filed this 21TH day of November, 2005.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ Paul Hart Smyth
                Paul Hart Smyth
                Assistant United States Attorney

                _____
                Kevin Murphy, ESQ.

                          Counsel for Perman Glenn

## CERTIFICATE OF SERVICE

Hampden, ss.                        Springfield, Massachusetts
                                          November 21, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via facsimile service to Attorney Perman Glenn, counsel of record.

                                        /s/ Paul Hart Smyth
                                        _____ _____
                                        PAUL HART SMYTH
                                        Assistant U.S. Attorney

Case 3:05-cr-30055-MAP   Document 24   Filed 11/21/2005   Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 05-30055-MAP |
| v. | ) | |
| | ) | |
| CHRISTOPHER WARD, | ) | |
| Defendant. | ) | |

DOCKETED

### MEMORANDUM PURSUANT TO LOCAL RULE 116.5

The United States of America, by and through its undersigned attorneys hereby files this memorandum. The government provided a copy to Attorney Perman Glenn, counsel for Defendant, on November 21, 2005.

1. The Government has provided or made available all of its discoverable information. There are no outstanding discovery requests from the Defendant in this case.

2. The parties do not anticipate additional discovery as the result of future receipt of information.

3. The Defendant does not intend to raise a defense of insanity or public authority.

4. The Defendant has not provided notice of alibi.

5. It is unlikely that the Defendant will file a motion to dismiss, or suppress, or other motion requiring a ruling by the District Court before trial pursuant to Fed. R. Crim. Pro. 12(c).

6. It is not necessary to schedule any matter in the case other than a date for the Defendant to change his plea to guilty.

7.  The parties are currently engaging in plea negotiations, and the parties anticipate this case to be resolved through a change of plea.

8.  The parties agree that no time has run on the Speedy Trial Clock. The time from October 7, 2005 until November 21, 2005 should be excluded in the interests of justice and for continuity of counsel. Attorney Glenn requested this time to review the discovery with the Defendant, and to discuss the viability of pretrial motions. In addition, Attorney Glenn's competing case load and personal obligations caused a continuance in this matter.

9.  In the event that a trial is necessary the trial will last approximately 4 days.

10. A date convenient with the Court should be established for a plea hearing.

Filed this 21TH day of November, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Paul Hart Smyth
Paul Hart Smyth
Assistant United States Attorney

Kevin Murphy, ESQ.
Vernan Glenn, III

2

Counsel for ~~Perman Glenn~~ ChRistopHer WARD

## CERTIFICATE OF SERVICE

Hampden, ss.                               Springfield, Massachusetts
                                           November 21, 2005

    I, Paul Hart Smyth, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via facsimile service to Attorney Perman Glenn, counsel of record.

                                      /s/ Paul Hart Smyth

                                      PAUL HART SMYTH
                                      Assistant U.S. Attorney