UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action: |
| ) | 05-30055 |
| CHRISTOPHER WARD, ) | |
| Defendant ) | |

## DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT

The Defendant, Christopher Ward, submits the following objections to the Pre-Sentence Report:

OBJECTION NO. 1 (Page 8 - Criminal History Computation - subpart 37.): The pre-sentence report states that, " at the time that the instant offense was committed, the defendant was under the criminal justice sentence imposed on 2/19/04 in Springfield District Court. Two (2) points are added, pursuant to U.S.S.G. § 4A1.1(d).

The Defendant objects to this statement on the grounds that there is presently a Motion for A New Trial pending before Springfield District Court with regard to the charges for which Christopher Ward was sentenced on 2/19/04. Said motion will be heard on May 25, 2006. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 2 (Page 8 - Criminal History Computation - subpart 38.): The pre-sentence report states that, "the total of the criminal history points is 4. According to the Sentencing Table (U.S.S.G. Chapter 5, Part A), 4 to 6 criminal history points establish a Criminal History Category of III.

The Defendant objects to this statement on the grounds that there is presently a Motion for A New Trial pending before Springfield District Court with regard to the charges for which Christopher Ward was sentenced on 2/19/04. Said motion will be heard on May 25, 2006. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 3 (Page 16 - Custody - subpart 69): The terms of imprisonment are ordinarily a

maximum of 20 years on Counts 1s, 3s, and 4s, and a minimum of 5 years to a maximum of 40 years on Count 2s; however pursuant to the Information filed in accordance with Title 21 U.S.C. §851, the statutory penalties have been enhanced to a maximum of 30 years on Counts 1s, 3s, and 4s are classified as Class B felonies and Count 2s is classified as a Class A felony pursuant to Title 18 U.S.C. § 3559(a).

The Defendant objects to this statement on the basis that the Defendant believes that the statutory penalty should not be enhanced in accordance with Title 21 U.S.C. §851. The basis of the enhancement is due to the Defendant's prior guilty plea(s) to charges in Springfield District Court on February 19, 2004. There is presently a Motion for A New Trial pending before Springfield District Court with regard to the charges for which Christopher Ward was sentenced on 2/19/04. Said motion will be heard on May 25, 2006. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 4 (Page 16, Custody subpart 70.): The pre-sentence report states that, "Pursuant to U.S.S.G. §5G1.1(b), the minimum mandatory sentence, which in this case is 120 months, is the guideline sentence. (If there had been no mandatory minimum sentence, the guideline imprisonment range, for a Total Offense Level of 23 and a Criminal History Category of III, would have been 57 to 71 months.) The provisions of U.S.S.G. §5C1.2 do not apply to this case.

Defendant objects to this statement on the basis upon which the mandatory minimum sentence is warranted is that the Defendant has prior charges to which he plead guilty in Springfield District Court on February 19, 2004. The Defendant presently has a Motion for a New Trial pending in Springfield District Court with regard to these prior charges. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 5 (Page 6, Criminal Convictions subpart 34): The pre-sentence report states that on May 12, 2003, the Defendant (Age 17) was arraigned for Possession of class D Substance, Refuse to Identify Self to Police/ Dkt #03-4183 / District Court Springfield, MA. On 2/19/04, a plea of guilty with probation was entered to 8/19/04. On 8/20/04, Probation Terminated. The Guideline/Score (for purposes of this case) is 4A1.1(c) 1. The pre-sentence report specifically states, "Springfield Police Department records indicate that, on 5/10/03 at 1:30 a.m., while on routine patrol, officers observed the defendant operating a motor vehicle with four passengers on Hancock Street at a high rate of speed and turn a corner without signaling. A traffic stop was then performed. When police asked the defendant his name, he identified himself as Deshawn Telfaire, DOB 5/23/86. The defendant then stated that he (Telfaire)did not have a license, at which time he was placed under arrest. A search incident to arrest resulted in the discovery of two small bags of marijuana. Subsequent to placing the

defendant under arrest, as officers detected a strong odor of marijuana emanating from the vehicle, they began removing the occupants one at a time. Several of the occupants fought police and were placed under arrest. Court records indicate that the defendant was represented by counsel."

The Defendant objects to this statement on the basis that the Defendant presently has a Motion for a New Trial pending in Springfield District Court with regard to Docket No.: 03-4183. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 6 (PAGE 6-7, Criminal Convictions subpart 35): The pre-sentence report states that on 5/28/2003 the Defendant (Age 17), was arraigned for Distribution of Class B Substane (2cts), Possession of Class D Substance, Resisting Arrest, Possession to Distribute Class B Substance Dkt #03-4781/District Court Springfield, MA. On 2/19/04, a plea of Guilty was entered, with probation to 2/22/05. 3/17/05, Warrant Issued, 6/29/05, Probation Terminated . A Guideline/Score of 4A1.1(c) 1. The pre-sentence report further states, "Springfield Police Department records indicate that, on 4/30/03 at 6:45 p.m., an undercover officer purhcased a quantity of crack cocaine from the defendant on Kensington Avenue. Following the transaction, Ward gave the officer his cellular telephone number and told him to call him when he wanted more crack cocaine. On 5/6/03 at 9:45 p.m., the officer contacted the defendant via his cell phone and arranged to purchase $40 worth of crack cociane. The two met later that evening at Antonio's Pizza on State Street and exchanged money for crack. { On 5/6/03, the officer contacted the defendant and made arrangements to purchase a one-eights ounce (eight-ball) quantity at 10 Chestnut Street. At 6:35 p.m., the defendant was to meet the officer at 10 Chestnut Street. At 6:35 p.m., the defendant arrived at the location and instructed the officer to get into Ward's vehicle. The defendant drove a short distance away, parked the vehicle. The defendant drove a short distance away, parked the vehicle, and handed the officer approximately 2grams of cocaine base in exchange for $120. The undercover officer then exited the vehicle and the defendant drove away. A short distance later, marked police units attempted to place the defendant under arrest. A traffic stop was performed and, as police approached his vehicle, the defendant attempted to put the vehicle in reverse to avoid arrest. Officers then opened the driver's side door and attempted to pull the defendant from the vehicle. Ward pushed at the officers and pulled their arms off his person while continuing his attempts to drive away. Once the defendant was removed from the vehicle, he continued to resist and tried to flee on foot. The struggle continued and, once the defendant was on the ground, he continued to flail his legs and arms. The defendant was eventually subdued and placed under arrest. A search incident to arrest resulted in the discovery of the $120 in pre-recorded buy money, as well as $526 on the defendant's person. A search of the vehicle resulted in the discovery of a glassine baggy containing crack cocaine and a glassine baggy containing marijuana. The only other occupant of the vehicle, Mr. Lavon Pemberton, was released at the scene. Police believed the incident occurred within 1,000 feet of the Springfield Day Nursery School.

Court records indicate that the defendant was represented by counsel. The defendant was also

charged with a third count of Distribution of Class B Substance, which was deferred via pretrial probation, and three counts of Drug Violation Near School or Park, which were Nol Prossed.

The Defendant objects to this statement in the Pre-Sentence Report on the basis that the Defendant presently has a Motion for a New Trial pending in Springfield District Court with regard to Docket No.: 03-4183. It is the Defendant's position that the Judge in Springfield District Court did not adequately explain the Defendant's rights nor did the Judge explain the elements of the crime(s) for which he was charged prior to accepting the Defendant's plea of guilty. Furthermore, the Defendant was only 17 years of age at the time that he entered his plea in Springfield District Court and at the time of the plea, the Defendant did not have a parent and/or guardian present.

OBJECTION NO. 7 (PAGE 10, Personal and Family Data sub-part 45): Ira Lee Ward, age, 50 has not remained in touch with the defendant.

The Defendant objects to this statement on the basis that the Defendant believes that his biological mother died due to complications of AIDS in 2003.

OBJECTION NO. 8 (PAGE 11, Personal and Family Data sub-part 47 -51) The Defendant objects to the statements in these sub-parts on the basis that they fail to include the fact that the Defendant has a brother named, Cortney Ward, who is between the age of 25-30 and is a U.S. Marine residing in South Carolina. The Defendant also has another brother named Sabryn Ward, who is between the ages of 25-30 and resides in Hartford, Connecticut. His brother, Sabryn Ward, has one child.

OBJECTION NO. 9 (PAGE 11, Personal and Family Data sub-part 52): The pre-sentence report states, "The defendant indicates that, at age eighteen, he moved out of his mother's home and began living with friends and acquaintances in the greater Springfield, Massachusetts, area.

The Defendant objects to this statement on the basis that the Defendant claims he moved out of his mother's home when he was age seventeen.

OBJECTION NO. 10 (PAGE 11, Physical Condition sub-part 55): The pre-sentence report states, "The defendant is a 20-year old black male who stands 5'7" tall, weighs 160 pounds, has brown eyes, black hair, a tatoo of the words "Young Wardie" on his right arm, and a 1" scar on the back of his left wrist. The defendant's left forearm has entry and exit scars from a bullet which pass ed through his arm several years ago; while the defendant denies any permanent effects from this injury, the area was clearly retaining fluid and swollen.

The Defendant objects to this statement on the basis that the Defendant has a 1" scar on the front of his left wrist (not on the back of his left wrist).

OBJECTION NO. 11 (PAGE 11, Physical Condition sub-part 55) In addition to Objection No. 10 with regard to the same paragraph the Defendant objects to this statement on the basis that he was shot in July of 2005, less than a year ago from this date, and not several years ago as stated in the pre-

sentence report.

OBJECTION NO. 12 (PAGE 12, Mental and Emotional Health sub-part 59): The pre-sentence report states, "The defendant indicates that he has never received mental health treatment and he feels no need for such treatment at this time."

The Defendant objects to this statement on the basis that the Defendant does feel that he may receive some benefit from mental health treatment in the future.

OBJECTION NO.13 (PAGE 12, Substance Abuse sub-part 61): The pre-sentence report states, "The defendant indicates that he never received substance abuse treatment and feels that he may benefit from such treatment in the future."

The Defendant objects to this statement on the basis that he did receive some substance abuse treatment during his incarceration at the Hampden County House of Corrections in Ludlow, MA.

OBJECTION NO. 14 (PAGE 20, Factors that May Warrant Departure sub-part 90): The pre-sentence report states, "Presentation of information in this section or lack thereof does not constitute a recommendation by the Probation Office for or against a departure or a sentence otherwise outside of the applicable advisory guideline range.

The Defendant objects on the basis that the Defendant contends there are several grounds for downward departure from the applicable advisory guideline range.

OBJECTION NO. 15 (PAGE 20, Factors that May Warrant Departure sub-part 91): The pre-sentence report states, "This section does not address any additional mitigating or aggravating factors which may warrant a sentence outside of the advisory guideline range pursuant to the principles set forth in Title 18 U.S.C. §3553(a).

The Defendant objects on the basis that the Defendant contends there are several grounds for downward departure from the applicable advisory guideline range.

OBJECTION NO. 16 (PAGE 20, Factors that May Warrant Departure sub-part 92). The Pre-Sentence report states, "None known.".

The Defendant objects on the basis that the Defendant contends there are several grounds for downward departure from the applicable advisory guideline range.

                                                          Respectfully Submitted,
                                                          The Defendant

By his attorney:       /s/ _____
                                                          Perman Glenn, III
                                                          Law Offices of Perman Glenn, III
                                                          1163 Main Street
                                                          Springfield, MA 01103
                                                          413-734-9955
                                                          BBO#: 553724

May 24, 2006