UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 05-30055-MAP |
| v. | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER WARD, | ) | |
| Defendant. | ) | |

**THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S CHALLENGE TO THE GOVERNMENT'S TITLE 21 U.S.C. § 851 SENTENCING ENHANCEMENT**

**<u>Introduction</u>**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, through the undersigned Assistant U.S. Attorney, respectfully requests this Court to deny the defendant's motion to vacate his prior plea of guilty. The plea[1] at issue complies with Constitutional safeguards by establishing a factual basis for the charges and by assuring the defendant knowingly and voluntarily waived his Constitutional rights consistent with <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969).

The defendant pled guilty on February 19, 2004, in Springfield District Court, before Judge Robert Kumor, Jr., First Justice of the Springfield District Court. On March 9, 2006, the defendant pled guilty to the above-captioned information. On March 21, 2006, the defendant challenged the government's Information to Establish Prior Conviction [D.28] pursuant to Title 21, United States Code, Section 85, by claiming his prior state-court plea was invalid. The

---

[1]The defendant pled guilty to several drug offenses on February 19, 2004, in Springfield District Court (Hampden County). A transcript of the plea colloquy is attached as Exhibit #1, and hereinafter referred to as "[Plea Tr. ___]." Docket entries to the above-captioned federal information are cited as "[D. __]."

defendant then challenged the legitimacy of his prior conviction in state court.  In June 2006,

Judge Kumor denied the defendant's motion to vacate his plea and for a new tria without making

written findings.

## Argument

The validity of a defendant's guilty plea is contingent upon whether the defendant

knowingly and voluntarily waives three federal constitutional rights: (1) the privilege against

self-incrimination; (2) the right to trial by jury; and, (3) the right to confront one's accusers.

<u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969).  Here, the record clearly establishes the defendant

knowingly and voluntarily waived these rights when he pled guilty to numerous drug felony

offenses in Springfield District Court.  A record of the defendant's plea hearing reveals the

defendant, who was less than one month from his eighteenth birthday at the time of the plea, was

accompanied to court by his counsel,  Attorney Edward West, and his older sister,  Delia Little.

At the defendant's plea hearing,  Judge Kumor conducted the following colloquy to ensure the

knowing and voluntary nature of the plea proceeding:

> THE COURT: Okay Mr. Ward, how old are you sir?
>
> MR. WARD:  Seventeen.
>
> THE COURT: How far have you gone in school?
>
> MR. WARD: I'm in the eleventh grade.
>
> THE COURT: Have you had any alcohol or drugs today that
> would in any way interfere with your ability to understand this
> matter?
>
> MR. WARD: No.
>
> THE COURT: Do you suffer from any mental illness, disease or
> defect that would in any way interfere with your ability to

2

understand this matter?
MR. WARD: No.

THE COURT: Do you understand that you're giving up your
right to a trial by a jury?

MR. WARD: Yes.

THE COURT: You're giving up your right to confront and cross examine the
witnesses against you and you're giving up the right against self-incrimination.
Do you understand those rights?

MR. WARD: Yes.

THE COURT: Do you understand that you're giving them up here today?

MR. WARD: Yes.

THE COURT: Do you understand that if you're not a citizen of the United States,
conviction of this offense may have consequences with regard to deportation,
exclusion from admission to the United States or denial of naturalization?  Do
you understand that sir?

MR. WARD: Yes.

THE COURT: In other words, if you're not a citizen...this only applies if you're
not a citizen of the U.S., but it would affect your immigration, naturalization, and
deportation status.  Have you had enough time to discuss this matter with your
attorney?

MR. WARD: Yes.

THE COURT: Has he explained to you the elements of the offense the
Commonwealth has to prove against you?

MR. WARD: Yes.

THE COURT: Are you satisfied that he's given you his best professional advice?

MR. WARD: Yes.

THE COURT: There are not agreed recommendations; I'm free to impose
whatever penalty I see fit.  But if I should exceed the recommendation your
attorney makes, this is what they were referring to earlier, I would allow you to

3

withdraw your admission and go to trial in front of another judge or jury. Do you
understand that?

    MR. WARD. Yes.

To establish a factual basis for the plea, Assistant District Attorney ("ADA") Lahey,
described how the defendant Ward sold cocaine to an undercover police officer on both April 30
and May 6 of 2003. ADA Lahey then recited how, on May 23, 2003, Springfield Police officers
arrested the defendant after he sold cocaine to an undercover officer. The officers recovered
additional crack cocaine, marijuana, and $526.00 from the defendant in a search incident to his
arrest. When ADA Lahey finished with her factual summary, the following exchange occurred:

| | |
|---|---|
| THE COURT: | Mr. Ward, you're admitting to four counts of distribution of cocaine and one count of distribution of marijuana and one count of resisting arrest. Correct Sir? |
| MR. WEST: | I believe three counts of distribution of cocaine Judge. |
| MS. LAHEY: | One was possession with intention to distribute cocaine. |
| MR. WEST: | Possession with intent. |
| THE COURT: | Okay, thank you. Is that what occurred on those respective dates? |
| MR. WARD: | Yes. |
| THE COURT: | I find that you freely, voluntarily, and willingly waived your rights and admitted to sufficient facts in the complaint. |

This colloquy demonstrates the defendant's knowing and voluntary waiver of his
Constitutional rights. Judge Kumor sentenced the defendant to probation, and concluded the plea
colloquy with the following:

| | |
|---|---|
| THE COURT: | You know, I just want to be clear, Mr. Ward, you're playing in a different league now. You've been convicted of a crime, a serious crime, you're on probation. If anything goes wrong, you are in serious trouble. I mean you're playing for the Yankees now |

instead of the Red Sox. You're playing in a different league. Okay?

THE COURT:    I hope I don't see you again; I'm giving you a chance, I trust you, okay? Don't let me down.

That the defendant received probation is a further testament to the voluntariness of the plea, since pleading guilty, he made the conscious decision to limit himself from a lengthier sentence if he were found guilty at trial. Less than one year after Judge Kumor sentenced the defendant, the defendant sold cocaine base to an undercover police officer.[2]

In conjunction with Judge Kumor's inquiry at the plea hearing, the parties submitted a "Tender Of Plea Or Admission, Waiver of Rights" Form.[3] This form is designed as a procedural safeguard to ensure a defendant's waiver of rights is knowing and voluntary. See M.G.L. c. 263, § 6; Rules Crim. Proc. 19(a). See Commonwealth v. Osborne, 445 Mass. 776, 780 (2006) ("the requirement of a signed, written jury waiver is an important protection provided by the Legislature for the benefit of a criminal defendant). In holding that an oral waiver of the right to a jury trial was insufficient, the Supreme Judicial Court stated that "The solemnity of the written waiver and the formality of the colloquy also further the purposes of "assur[ing] that the ultimate decision regarding waiver of the jury be left to the defendant himself, not his counsel." Id. at 881 [citations omitted]. This rationale also holds true for a federal-constitutional analysis of the defendant's plea, as the written waiver provides clear evidence of the voluntary and knowing

---

[2] This drug sale led to the above-captioned information.

[3]The document is attached as Exhibit #2.

5

nature of the defendant's plea.  Section IV[4] of this form explicitly sets forth the rights the

Defendant Ward waived by pleading guilty:

> I, the undersigned defendant, understand and acknowledge that I am voluntarily giving up the right to be tried by a jury or a judge without a jury on these charges.

> I have discussed my constitutional and other rights with my attorney.  I understand that the jury would consist of six jurors chosen at random from the community, and that I could participate in selecting those jurors, who would determine unanimously whether I was guilty or not guilty.  I understand that by entering my plea of guilty or admission, I will also be giving up my right to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to testify or provide evidence against myself by asserting my privilege against self-incrimination, all with the assistance of my defense attorney; and to be presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.

> I am aware of the nature and elements of the charge or charges to which I am entering my guilty plea or admission.  I am also aware of the nature and range of the possible sentence or sentences.

> My guilty plea or admission is not the result of force or threats.  It is not the result of assurances or promises, other than any agreed-upon recommendation by the prosecution, as set forth in Section I of this form.  I have decided to plead guilty, or admit to sufficient facts, voluntarily and freely.

> I am not now under the influence of any drug, medication, liquor or other substance that would impair my ability to fully understand the constitutional and statutory rights that I am waiving when I plead guilty, or admit to sufficient facts to support a finding of guilty.

> I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

Defendant Ward confirmed that he was knowingly and voluntarily waiving these rights by

---

[4]**SECTION IV** - DEFENDANT'S WAIVER OF RIGHTS (G.L.c. 263, § 6) &  ALIEN RIGHTS NOTICE (G.L.c. 278, § 29D)

signing the form.  Furthermore, Attorney West similarly signed Section V, indicating that he advised the defendant as to the rights he was waiving by pleading guilty.

The defendant's written waiver dispels any doubt that Ward knowingly and voluntarily waived his Constitutional rights consistent with <u>Boykin v. Alabama</u>.  <u>Id.</u>  His motion to vacate his plea is based upon, as suggested by the timing of it's filing,  his desire to get out from under the mandatory term of imprisonment he faces for having a prior drug felony conviction.

## Conclusion

This Court should not disturb the validity of the defendant's prior state-court plea since the record confirms that the defendant knowingly and voluntarily waived his Constitutional rights and pled guilty.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Paul Hart Smyth

_____
Paul Hart Smyth
Assistant U.S. Attorney
Springfield Branch Office

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Paul Hart Smyth
_____

Paul Hart Smyth
Assistant United States Attorney


Date: August 18, 2006

**COMMONWEALTH VS WARD**
**2/19/04**

 **ORIGINAL**

Government
Exhibit
1
05-30055-MAP

```
 1              COMMONWEALTH OF MASSACHUSETTS
 2   Hampden, ss            Department of the Trial Court
 3                          Springfield District Court
 4                          Docket No. 03-4781 & 4183
 5
 6   COMMONWEALTH OF MASSACHUSETTS,
 7                    Plaintiff
 8   VS.
 9   CHRIS WARD,
10                    Defendant
11
12                          HEARING HELD ON FEBRUARY 19,
13                          2004 AT THE SPRINGFIELD
14                          DISTRICT COURT BEFORE JUDGE
15                          (UNKNOWN)
16   APPEARANCES
17   Ms. Lahey, ADA                    Representing the
18                                        Plaintiff
19   Mr. West, Esq.                    Representing the
20                                        Defendant
21
22   Reporter:       Raymond F. Catuogno
23           Registered Professional Reporter
24           (Transcript Prepared from Tape)
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

COMMONWEALTH VS WARD
2/19/04

2

```
 1                        I N D E X
 2    WITNESS            DIRECT   CROSS REDIRECT   RECROSS
 3    None
 4
 5    EXHIBITS                                        PAGE
 6    None
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

**COMMONWEALTH VS WARD**
**2/19/04**

3

| | |
|---|---|
| 1 | THE COURT:  Are you all set? |
| 2 | MR. WEST:  Yes.  Judge, I'll alert The |
| 3 | Court he is seventeen, he becomes eighteen on |
| 4 | March 11.  When we were in court at his |
| 5 | arraignment his aunt stood in, but she's no |
| 6 | longer his caretaker.  His older sister, Delia |
| 7 | Little (phonetic) is here and she's here... |
| 8 | UNKNOWN:  She's over twenty-one. |
| 9 | MR. WEST:  She's twenty-six years old. |
| 10 | MS. LAHEY:  Your Honor, just a little |
| 11 | housekeeping, counsel for the purposes of the |
| 12 | plea has filed a nol pros.  Judge, if it does |
| 13 | go to trial, the Commonwealth would proceed on |
| 14 | the school zone (inaudible) the defendant's |
| 15 | counsel. |
| 16 | THE COURT:  The problem I have with that, |
| 17 | and I had this problem with Attorney Pesce |
| 18 | (phonetic) last week, is if the Commonwealth |
| 19 | is unhappy with my recommendation, then you're |
| 20 | tying the hand of the judge. |
| 21 | MS. LAHEY:  Your Honor, if I (inaudible). |
| 22 | THE COURT:  I clearly make a different |
| 23 | recommendation.  I mean, it's one thing, for |
| 24 | example, the defendant does not admit to the |

**COMMONWEALTH VS WARD**
**2/19/04**

4

```
 1              charges.
 2                   MS. LAHEY:   And that's what I'm saying,
 3              if that occurs.
 4                   THE COURT:   Then that's a totally
 5              different issue.
 6                   MS. LAHEY:   That's what I'm just trying
 7              to make clear.
 8                   THE COURT:   It's another thing if he
 9              admits to the charges and then the
10              Commonwealth says what...and I agonize over
11              whether I want to lock somebody up or not on a
12              drug, which is what happened last week, and
13              I'm going to talk to Attorney Pesce about
14              that.   You know, we agonize over these things,
15              and then I say I'm not going lock him up, I
16              think I gave him two years...
17                   MS. LAHEY:   Correct.
18                   THE COURT:   ...two years, and then the
19              Commonwealth stands up and says, well we're
20              going to go forward, you know, with the school
21              zone.
22                   MS. LAHEY:   Right.
23                   THE COURT:   Because we don't...
24                   MS. LAHEY:   I'm just...
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

**COMMONWEALTH VS WARD**
**2/19/04**

5

```
1                    THE COURT:  Well wait a minute.  Because
2              we don't like what you did.
3                    MS. LAHEY:  Right.
4                    THE COURT:  That's bargaining...that's
5              defying The Court.  I mean, not whether it's
6              intentional or unintentional, it's saying,
7              Hey, we don't care what you do.
8                    MR. WEST:  Right.  And I think Attorney
9              Lahey's saying only if the defendant
10             withdraws.
11                   THE COURT:  (Inaudible) talking to the
12             plea then...
13                   MS. LAHEY:  Right.  Otherwise nol pros.
14             No matter what the sentence...whatever the
15             sentence is we go to trial if he doesn't...
16                   MR. WEST:  If he withdraws Judge.
17                   MS. LAHEY:  If he withdraws his plea,
18             then nol pros we would ask.
19                   THE COURT:  Okay.
20                   MS. LAHEY:  But what Your Honor orders...
21                   THE COURT:  If he withdraws his plea,
22             that's a different issue.
23                   MS. LAHEY:  Right.  I'm sorry I didn't
24             make that clear, but that's what I was trying
```

**COMMONWEALTH VS WARD**
**2/19/04**

6

```
1                    to get across.
2                         THE COURT:  I mean, you can't...
3                         MS. LAHEY:  I agree...
4                         THE COURT:  ...have a judge up here
5               agonizing over whether to lock somebody up or
6               not and say, okay, we don't agree with you.
7                         MS. LAHEY:  No, that's...
8                         THE COURT:  Okay Mr. Ward, how old are
9               you sir?
10                        MR. WARD:  Seventeen.
11                        THE COURT:  How far have you gone in
12              school?
13                        MR. WARD:  I'm in the eleventh grade.
14                        THE COURT:  Have you had any alcohol or
15              drugs today that would in any way interfere
16              with your ability to understand this matter?
17                        MR. WARD:  No.
18                        THE COURT:  Do you suffer from any mental
19              illness, disease or defect that would in any
20              way interfere with your ability to understand
21              this matter?
22                        MR. WARD:  No.
23                        THE COURT:  Do you understand that you're
24              giving up your right to a trial by a jury?
```

| | |
|---|---|
| 1 | MR. WARD:  Yes. |
| 2 | THE COURT:  You're giving up your right |
| 3 | to confront and cross examine the witnesses |
| 4 | against you and you're giving up the right |
| 5 | against self-incrimination.  Do you understand |
| 6 | those rights? |
| 7 | MR. WARD:  Yes. |
| 8 | THE COURT:  Do you understand that you're |
| 9 | giving them up here today? |
| 10 | MR. WARD:  Yes. |
| 11 | THE COURT:  Do you understand that if |
| 12 | you're not a citizen of the United States, |
| 13 | conviction of this offense may have |
| 14 | consequences with regard to deportation, |
| 15 | exclusion from admission to the United States |
| 16 | or denial of naturalization?  Do you |
| 17 | understand that sir? |
| 18 | MR. WARD:  Yes. |
| 19 | THE COURT:  In other words, if you're not |
| 20 | a citizen...this only applies if you're not a |
| 21 | citizen of the U.S., but it would affect your |
| 22 | immigration, naturalization, and deportation |
| 23 | status.  Have you had enough time to discuss |
| 24 | this matter with your attorney? |

**COMMONWEALTH VS WARD**
**2/19/04**

8

```
1                        MR. WARD:  Yes.
2                   THE COURT:  Has he explained to you the
3              elements of the offense the Commonwealth has
4              to prove against you?
5                        MR. WARD:  Yes.
6                   THE COURT:  Are you satisfied that he's
7              given you his best professional advice?
8                        MR. WARD:  Yes.
9                   THE COURT:  There are not agreed
10             recommendations; I'm free to impose whatever
11             penalty I see fit.  But if I should exceed the
12             recommendation your attorney makes, this is
13             what they were referring to earlier, I would
14             allow you to withdraw your admission and go to
15             trial in front of another judge or jury.  Do
16             you understand that?
17                       A.   Yes.
18                  THE COURT:  May I hear the facts please?
19                  MS. LAHEY:  Your Honor, in regards to
20             docket 0323-CR-4781, on April 30, a
21             Springfield police officer working in an
22             undercover capacity was provided (inaudible),
23             at which time he went to the area (I'm sorry,
24             I just lost my place) alright, at that time he
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA  Boston, MA  Lawrence, MA   Providence, RI

```
 1              met up with...I'm sorry, Kensington Avenue, at
 2              that time he met up with Mr. Christopher Ward,
 3              the defendant before you.  He asked Mr. Ward
 4              if he had any cocaine to buy at that time.  An
 5              exchange was made, and the officer provided
 6              Mr. Ward Twenty Dollars ($20.00) and he
 7              received narcotics for that money.  That
 8              evidence, narcotics, were placed into evidence
 9              and tied at that time.  No arrests were made.
10              On May 6 of '03...
11                   THE COURT:  No, No, hold on.  What...
12                   MS. LAHEY:  An undercover officer...
13                   THE COURT:  Please, just go back, what is
14              the date?
15                   MS. LAHEY:  April 30, that would be
16              Counts 3 and 4.
17                   THE COURT:  4/30/03.
18                   MS. LAHEY:  The officer...
19                   THE COURT:  So he had just turned
20              seventeen?
21                   MS. LAHEY:  Correct.
22                   THE COURT:  That's what I was...okay.
23                   MS. LAHEY:  He went to Kensington Ave.
24              and purchased narcotics from Mr. Ward.  Those
```

**COMMONWEALTH VS WARD**
**2/19/04**

10

| | |
|---|---|
| 1 | narcotics were placed into evidence.  No |
| 2 | arrest was made at that time.  On May 6 of |
| 3 | '03, the same officer contacted Mr. Ward via a |
| 4 | cell phone number he had to make arrangements |
| 5 | for Forty Dollars ($40.00) in crack cocaine. |
| 6 | They arranged to meet at Antonio's Pizza on |
| 7 | State Street.  The officer met there and |
| 8 | provided Mr. Ward with Forty Dollars ($40.00) |
| 9 | and received Forty Dollars ($40.00) in crack |
| 10 | cocaine.  The evidence was tied and placed |
| 11 | into...the narcotics were tied and placed into |
| 12 | evidence.  No arrest was made on that day. |
| 13 | On 5/23 the officer again contacted...on |
| 14 | 5/23/03, the officer contacted Mr. Ward again |
| 15 | and made arrangements to purchase narcotics |
| 16 | from him.  They had arranged to meet at |
| 17 | Chestnut Street and the officer was to |
| 18 | purchase two grams of cocaine in exchange for |
| 19 | a Hundred and Twenty Dollars ($120.00).  The |
| 20 | officer met up with Mr. Ward and the exchange |
| 21 | was made.  At that time the officer sent in, |
| 22 | after giving a description of him, to place |
| 23 | the defendant into custody.  They observed the |
| 24 | defendant was in a motor vehicle and he |

11

| 1  | approached the motor vehicle, grabbed Mr. Ward |
| 2  | by his arm, and ordered him to exit the |
| 3  | vehicle.  Mr. Ward at that time began to |
| 4  | resist.  They were eventually able to place |
| 5  | him under arrest and gain control of him. |
| 6  | At that time there was a search done of |
| 7  | his person and they located the Hundred and |
| 8  | Twenty Dollars ($120.00) the buy money, it was |
| 9  | in his right hand.  During a search of the |
| 10 | vehicle, the officers located two glassine |
| 11 | baggies containing an off-white substance |
| 12 | believed to be crack cocaine as well as a bag |
| 13 | of marijuana.  At the scene the officer |
| 14 | recovered Five Hundred and Twenty-Six Dollars |
| 15 | ($526.00) in U.S. currency on Mr. Ward's |
| 16 | person.  All the narcotics of the three |
| 17 | transactions were analyzed and came back |
| 18 | positive for cocaine as well as marijuana. |
| 19 | Those are essentially the facts. |
| 20 | THE COURT:  Thanks.  I didn't have the |
| 21 | second sheet of the complaint, I need to |
| 22 | check. |
| 23 | MS. LAHEY:  Oh, okay. |
| 24 | THE COURT:  Mr. Ward, you're admitting to |

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

**COMMONWEALTH VS WARD**                                    12
**2/19/04**

1              four counts of distribution of cocaine and one

2              count of distribution of marijuana and one

3              count of resisting arrest.  Correct sir?

4                   MR. WEST:  I believe three counts of

5              distribution of cocaine, Judge.

6                   MS. LAHEY:  One was possession with

7              intention to distribute cocaine.

8                   MR. WEST:  Possession with intent.

9                   THE COURT:  Okay, thank you.  Is that

10             what occurred sir on those respective dates?

11                  MR. WARD:  Yes.

12                  THE COURT:  I find that you freely,

13             voluntarily, and willingly waived your rights

14             and admitted to sufficient facts in the

15             complaint.

16                  MS. LAHEY:  In regards to docket 03-CR-

17             4183, on May 10 of 2003, Springfield Officers

18             (inaudible) Hancock Street.  At that time they

19             observed a motor vehicle traveling at a high

20             rate of speed on Hancock Street.  The motor

21             vehicle made a left-hand turn onto Newell

22             Street without his signal.  Officers initiated

23             a traffic stop at that time and approached the

24             car.  Upon approaching it they smelled a

**COMMONWEALTH VS WARD**
**2/19/04**

13

| | |
|---|---|
| 1 | strong odor of marijuana coming from the motor |
| 2 | vehicle.  They asked the operator for his |
| 3 | name.  He stated his name was John Telfair |
| 4 | (phonetic).  They asked him to spell it; he |
| 5 | had a little bit of trouble doing that.  This |
| 6 | individual told the officers he didn't have a |
| 7 | driver's license.  He was placed into custody |
| 8 | at that time.  Once in custody, there was a |
| 9 | search of the individual and they recovered |
| 10 | two baggies of marijuana; he was brought to |
| 11 | the police station.  At the police station |
| 12 | they again asked his name.  He told them his |
| 13 | name was John Telfair.  The officers informed |
| 14 | him that they weren't able to confirm and that |
| 15 | he would have to be staying in jail until |
| 16 | Monday.  At that point he said, okay, my name |
| 17 | is Chris Ward, the defendant before you.  The |
| 18 | drugs were analyzed and came back as a Class D |
| 19 | substance.  Those are essentially the facts. |
| 20 | THE COURT:  Is that what occurred on that |
| 21 | date sir? |
| 22 | MR. WARD:  Yes. |
| 23 | THE COURT:  On this matter I also find |
| 24 | that you freely, voluntarily, and willingly |

**CATUOGNO COURT REPORTING SERVICES**
**Springfield, MA  Worcester, MA  Boston, MA  Lawrence, MA  Providence, RI**

**COMMONWEALTH VS WARD**
**2/19/04**

14

```
1           waived your rights and admitted to sufficient
2           facts.  May I hear the Commonwealth's
3           recommendations?
4               MS. LAHEY:  Certainly Your Honor.  The
5           Commonwealth is recommending on docket 03-4781
6           recommend that the defendant be found guilty,
7           be sentenced to two years in the house of
8           correction, that he serve one year directly
9           and the balance be suspended for one year.
10          While on probation, the defendant remain drug
11          and alcohol free, submit to random testing, as
12          well as go to counseling.  As to Count 7
13          requesting a guilty filing possession of D and
14          resisting arrest we're asking.  And Count 8
15          and 9 for direct filing, no probations
16          connected to those.
17              Our recommendation, Your Honor,
18          (inaudible) these are serious matters.  He's a
19          young man, he's got no prior record, very
20          small (phonetic) I don't even believe he has a
21          juvenile record.  I'm not sure what brought
22          this about but within a short period of time,
23          within three weeks, he amassed some very
24          serious charges.  In regards to the other
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

**COMMONWEALTH VS WARD**                                                  15
**2/19/04**

1            docket, possession of D, we're just requesting

2            thirty days be concurrent with the sentence

3            (inaudible).

4                    MR. WEST:  Your Honor, thank you. I'm

5            asking The Court to sentence him to probation

6            with whatever terms and conditions The Court

7            deems appropriate.  On the most serious case,

8            certainly there's no excuse for his behavior.

9            I think the Commonwealth's recommendation is

10           based upon the number of distributions, but I

11           also think that it's unfortunate that having

12           identified him and knowing that he was just

13           turned seventeen, that they continually set up

14           deals with him as opposed to arresting him and

15           charging him.  But they continued to set up

16           deals with this young man, Judge.  And knowing

17           his history, his family history, and about

18           this case, I think it was a case where being

19           young and impressionable he was preyed upon by

20           older people in terms of using him to sell

21           these drugs, Judge.  Certainly you heard he

22           wasn't a sophisticated drug dealer by any

23           stretch of the imagination, Judge.  He's had a

24           I would suggest probably common for people

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

COMMONWEALTH VS WARD                                    16
2/19/04

```
 1            that come before The Court, but unfortunate
 2            family histories.  He's never had a
 3            relationship with his father, his relationship
 4            with his mother has been off and on, he lived
 5            with cousins for a period, he lived with an
 6            aunt for a period, and he's currently residing
 7            with his older sister who is now in court,
 8            Judge.
 9                 One, I suggest, of the significant things
10            that I would ask The Court to consider in
11            making its decision is back in May, almost ten
12            months ago, when he was arraigned, he was
13            released on a bail, but The Court recognizing
14            his age and he has no record; he has one entry
15            on his juvenile record which was nol pros.
16            The Court put him on conditions of release,
17            including obey all laws, report to Probation,
18            drug testing, etc. and he was given Kim Spears
19            as a Probation Officer.  On two previous court
20            dates, there were discussions with Kim Spears
21            and she acknowledged that he had done well.
22            And there certainly were some rough areas,
23            Judge, in terms of he enrolled himself in
24            school in West Springfield, he was not a
```

**COMMONWEALTH VS WARD**                                                17
**2/19/04**

1       resident there; he was kicked out of there.

2       But then he took it upon himself, and she even

3       said, he did this on his own; he enrolled

4       himself in Bridge (phonetic) Academy here in

5       the City, Judge.

6            So significantly he hasn't been re-

7       arrested, Judge, since his arraignment on May

8       28 of '03, so I think a lot more mature, a lot

9       more serious cases have come before The Court

10      and people have not gone to jail.  And I think

11      the last time we were in court all parties

12      realized that putting him in jail could make

13      things worse as opposed to letting him go the

14      law-abiding life, Judge, as opposed to having

15      him serve time, being with older inmates, and

16      having whatever change that to the negative

17      that may do by having him experience

18      incarceration, Judge.  So I think in light of

19      his age, in light of everything he's done

20      since he's been released on bail with

21      probations, Judge, this I think is a case

22      where it's fair, just, and probably in

23      society's interest to see that if he can be

24      given probation with the terms and not return

```
1              to this lifestyle, Judge, that it would be in

2              everyone's interest that he be given that

3              opportunity.

4                  And there's no doubt, if he were to

5              violate that he would in light of the charges

6              serve incarceration. But I think it's fair,

7              Judge, that he be given that opportunity and

8              chance, and I would ask The Court to sentence

9              him to Probation period. Judge, I believe on

10             May 28...

11                 THE COURT:  Just a moment sir.  How long

12             was he on...ten months he's been on pretrial

13             conditions without problems?  Is that correct?

14                 MR. WEST:  The recommendations show since

15             May...my notes show since May 28 of '03,

16             Judge.

17                 THE COURT:  Bridget (phonetic) is that

18             right?  About nine months.  And there's no

19             problems (inaudible).  Mr. Ward, you've been

20             arrested, which means you've been in the

21             lockup at (inaudible).  I take it you've never

22             been incarcerated at the house of correction.

23             Is that correct?  Is that right?

24                 MR. WARD:  Yes.
```

**COMMONWEALTH VS WARD**
**2/19/04**

19

```
1         THE COURT:  And I certainly don't like

2         sending anyone to the house of correction,

3         especially seventeen-year olds.  But as both

4         Attorney Lahey in her argument, and Mr. West

5         in his argument pointed out, there is a series

6         of serious crimes here.  Since that date,

7         since back in May, you have made attempts, not

8         just attempts, you clearly have made an effort

9         and turned your life around, and I'm trying to

10        debate how long quite frankly to put you on

11        probation.  But since you've done well for ten

12        months, I'm going to find you guilty.  I'm

13        going to go along with the recommendation on

14        the marijuana case with no time, just guilty,

15        six months probation.

16             But I'm going to leave an awful lot of

17        options because these are serious crimes.  On

18        Count 1, I'm going to actually effectively

19        reject the tender, if you will, although on

20        Count 1, guilty, straight probation for a

21        year, obviously he's got to remain drug and

22        alcohol free.  And Count 2 has been nol pros.

23        Count 3, guilty, straight probation for a

24        year.  Count 5, guilty, straight probation for
```

**COMMONWEALTH VS WARD**
**2/19/04**

20

1        a year.  Count 6 has been nol pros'd.  Count

2        7, guilty, straight probation for a year.

3        Count 8, guilty, straight probation for a

4        year.  Count 9, guilty, straight probation for

5        a year.

6              So if anything goes wrong, there are a

7        number of options for the Judge that would

8        exceed the one-year house of correction

9        suspended, but there are also other

10       possibilities as well.  I really...can I see

11       counsel up here?

12            (SIDE BAR CONFERENCE - INAUDIBLE)

13            THE COURT:  Is that acceptable?

14            MR. WEST:  Yes Your Honor.

15            THE COURT:  Okay.  Would you just sign.

16       Oh, I'm sorry, what about the Motion to...the

17       Motion for Forfeiture.

18            MR. WEST:  That's agreed to Judge.

19            THE COURT:  Okay.

20            MS. LAHEY:  Your Honor, are there any

21       conditions to be placed on probation.

22            THE COURT:  There are.  Just let me...

23            MS. LAHEY:  Oh, okay.  Thank you.

24            THE COURT:  I'm trying to get your money

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

```
1              first Attorney Lahey.
2                   MS. LAHEY:  Thank you, that's important.
3                   THE COURT:  Nicky (phonetic) on my neck
4              here about the motions.  There are two
5              separate probations.
6                   MR. WEST:  Yes Judge.
7                   THE COURT:  He's got to remain drug and
8              alcohol free and submit to random testing.
9                   MR. WEST:  Yes Your Honor.
10                  THE COURT:  And stay in school.  There's
11             a Fifty Dollar ($50.00) victim/witness fee and
12             a Sixty-Five Dollar ($65.00) per month
13             probation supervision fee that I'm only going
14             to assess on one case; the other case I'm
15             going to waive the probation supervision fee.
16             So on 03-4183, it's guilty, six months
17             probation; Count 2, response for the file;
18             Count 3, guilty filed; Count 4, guilty filed.
19             Okay?
20                  MR. WEST:  Yes Your Honor, thank you.
21                  THE COURT:  Does that answer your
22             question about conditions?
23                  MS. LAHEY:  Yes, thank you.
24                  THE COURT:  Okay.  When can you pay the
```

**COMMONWEALTH VS WARD**                                        22
**2/19/04**

```
 1                    Fifty Dollar ($50.00) victim/witness fee?
 2                         MR. WEST:  Two weeks Judge.
 3                         THE COURT:  You know, I just want to be
 4                    clear, Mr. Ward, you're playing in a different
 5                    league now.  You've been convicted of a crime,
 6                    a serious crime, you're on probation.  If
 7                    anything goes wrong, you are in serious
 8                    trouble.  I mean, you're playing for the
 9                    Yankees now instead of the Red Sox.  You're
10                    playing in a different league.  Okay?
11                         MR. WEST:  Thank you Your Honor.
12                         THE COURT:  I hope I don't see you again;
13                    I'm giving you a chance, I trust you, okay?
14                    Don't let me down.
15                         UNKNOWN:  Okay, thanks.
16                         MR. WEST:  Thank you.
17                         MS. LAHEY:  Thank you.
18
19                    (HEARING ENDED)
20
21
22
23
24
```

**CATUOGNO COURT REPORTING SERVICES**
Springfield, MA   Worcester, MA   Boston, MA   Lawrence, MA   Providence, RI

COMMONWEALTH VS WARD
2/19/04

23

```
1                COMMONWEALTH OF MASSACHUSETTS

2

3

4

5

6

7

8        I, RAYMOND F. CATUOGNO, SR., Registered

9   Professional Reporter, do hereby certify that the

10  foregoing testimony, prepared from designated

11  portions of cassettes furnished by the parties

12  herein, is true and accurate to the best of my

13  knowledge and belief.

14

15

16  ___4-11-06_____          Raymond F Catuogno

17       Date                Raymond F. Catuogno, Sr.

18

19

20

21

22

23

24
```

## CATUOGNO COURT REPORTING SERVICES
**Springfield, MA   Worcester, MA   Boston, MA  Lawrence, MA   Providence, RI**

| TENDER OF PLEA OR ADMISSION | DOCKET NO. | NO. OF COUNTS | Trial Court of Massachusetts |
|---|---|---|---|
| WAIVER OF RIGHTS | 03CR4781 | 9 | District Court Department |

| INSTRUCTIONS: This form must be typed or printed clearly, completed prior to the Pretrial Hearing, signed by both counsel and submitted to the court by the defendant at or before the Pretrial Hearing. | NAME OF DEFENDANT  Christopher Wood | COURT DIVISION  Springfield District Court  50 State Street  Springfield, MA  01103 |
|---|---|---|

**SECTION I**      TENDER OF PLEA

Defendant in this case hereby tenders the following: ☑ PLEA OF GUILTY   ☐ ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY conditioned on the dispositional terms indicated below. Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding, dismissal, fine, costs, probation period and supervision terms, restitution amount including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.

| COUNT NO. | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees -- Check "No" if Prosecution disagrees) | | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| 1 | G - 1yr HOC SS 1yr | ☐ YES | G: 24hs HOC 1yr Direct Bal ss 1year, forfeiture $526.02 |
| 2 | Nolle Pros | ☐ NO | NP   DNs fee, consery, testes |
| 3 | G - 1yr HOC SS 1yr | ☐ YES | G 24hs HOC - 1yr Direct Bal ss 1yr |
| 4 | Nolle PROS | ☐ NO | NP |
| 5 | G - 1yr HOC SS 1yr | ☐ YES | G: 24hs HOC - 1yr Direct Bal ss 1yr |
| 6 | Nolle Pros | ☐ NO | NP |
| 7 | G - 6 mths Probation | ☐ YES | G: file |
| 8 | G - 1yr probation | ☐ NO | G: 6 months HOC |
| 9 | G - 1yr HOC ss 1yr | ☐ YES ☐ NO | G: 1yr HOC |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE.

| SIGNATURE OF DEFENSE COUNSEL  X _[signature]_ | DATE  2/19/04 | SIGNATURE OF PROSECUTING OFFICER  X _[signature]_ | DATE  2/19/04 |
|---|---|---|---|

**SECTION II**      PLEA OR ADMISSION ACCEPTED BY THE COURT

The Court ☐ ACCEPTS the tendered Plea or Admission on defendant's terms set forth in Section I, and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

**SECTION III**      PLEA OR ADMISSION REJECTED BY THE COURT

The Court ☑ REJECTS the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim. P. 12(c)(6), has set forth to the defendant the dispositional terms it would find acceptable, to wit:

1 - 6 ment

3, 5 - G

6 - G

8, 9 - G

**DEFENDANT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION:**

☐ Defendant WITHDRAWS the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing will be conducted and a trial date scheduled, if necessary.

☑ Defendant ACCEPTS terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

Government Exhibit  2  05-30055-MAP

| SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION  X _[signature]_ | DATE  2/19/04 | SIGNATURE OF DEFENSE COUNSEL (if rejection decision made)  X _[signature]_ | DATE  2/19/04 |
|---|---|---|---|

DC CR 22 (8/96)

**SECTION IV        DEFENDANT'S WAIVER OF RIGHTS (G.L. c. 263, § 6) & ALIEN RIGHTS NOTICE (G.L. c. 278, § 29D)**

I, the undersigned defendant, understand and acknowledge that I am voluntarily giving up the right to be tried by a jury or a judge without a jury on these charges.

I have discussed my constitutional and other rights with my attorney. I understand that the jury would consist of six jurors chosen at random from the community, and that I could participate in selecting those jurors, who would determine unanimously whether I was guilty or not guilty. I understand that by entering my plea of guilty or admission, I will also be giving up my right to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to testify or provide evidence against myself by asserting my privilege against self-incrimination, all with the assistance of my defense attorney; and to be presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.

I am aware of the nature and elements of the charge or charges to which I am entering my guilty plea or admission. I am also aware of the nature and range of the possible sentence or sentences.

My guilty plea or admission is not the result of force or threats. It is not the result of assurances or promises, other than any agreed-upon recommendation by the prosecution, as set forth in Section I of this form. I have decided to plead guilty, or admit to sufficient facts, voluntarily and freely.

I am not now under the influence of any drug, medication, liquor or other substance that would impair my ability to fully understand the constitutional and statutory rights that I am waiving when I plead guilty, or admit to sufficient facts to support a finding of guilty.

I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF DEFENDANT | DATE |
|---|---|
| X  Christopher Ward | 2/5/04 |

**SECTION V        DEFENSE COUNSEL'S CERTIFICATE (G.L. c. 218, § 26A)**

As required by G.L. c. 218, § 26A, I certify that as legal counsel to the defendant in this case, I have explained to the defendant the above-stated provisions of law regarding the defendant's waiver of jury trial and other rights so as to enable the defendant to tender his or her plea of guilty or admission knowingly, intelligently and voluntarily.

| SIGNATURE OF DEFENSE COUNSEL | B.B.O. NO. | DATE |
|---|---|---|
| X | 557960 | 2/9/04 |

**SECTION VI        JUDGE'S CERTIFICATION**

I, the undersigned Justice of the District Court, addressed the defendant directly in open court. I made appropriate inquiry into the education and background of the defendant and am satisfied that he or she fully understands all of his or her rights as set forth in Section IV of this form, and that he or she is not under the influence of any drug, medication, liquor or other substance that would impair his or her ability to fully understand those rights. I find, after an oral colloquy with the defendant, that the defendant has knowingly, intelligently and voluntarily waived all of his or her rights as explained during these proceedings and as set forth in this form.

I have found a factual basis for the charge(s) to which the defendant is pleading guilty or admitting and I have found that the facts as related by the prosecution and admitted by the defendant would support a conviction on the charges to which the plea or admission is made.

The defendant was informed and advised that if he or she is not a citizen of the United States, a conviction of the offense with which he or she was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF JUDGE | DATE |
|---|---|
| X | 2/19/04 |